UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**FREDKIEY HURLEY**, individually,

                **Plaintiff,**

v.

**TOBY'S PUBLIC HOUSE II LLC
d/b/a TOBY'S PUBLIC HOUSE**,
a New York for profit corporation,

                **Defendant.**
_____

Case No. _____

## COMPLAINT FOR VIOLATIONS OF ADA

Plaintiff, FREDKIEY HURLEY, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendant TOBY'S PUBLIC HOUSE II LLC d/b/a TOBY'S PUBLIC HOUSE for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the Florida Accessibility Code.

**I.**  **General Allegations Establishing Jurisdiction**

1. Plaintiff FREDKIEY HURLEY is an individual with a disability as defined by the ADA.

2. Plaintiff FREDKIEY HURLEY is seeking injunctive relief pursuant to the Americans with Disabilities Act (hereinafter "ADA"), which entitles Plaintiff

1

to all attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

3. Notice prior to initiating suit is **not** mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendant as their violations have been ongoing since January 26, 1992 (or January 26, 1993).

    This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

4. The property at issue is located in New York County, New York at 86 Kenmore Street (hereinafter "Property").

5. The Property is being operated as a food service establishment – a "place of public accommodation (*see* 28 CFR 36.201(a))" – by Defendant TOBY'S PUBLIC HOUSE II LLC d/b/a TOBY'S PUBLIC HOUSE (hereinafter "TOBY'S PUBLIC HOUSE"), who is a tenant on the Property.

6. Venue properly lies in the Southern District of New York as it is the federal judicial district which the property is located and on which the violative establishment is conducting business.

## II.     **Plaintiff Hurley**

7.  Plaintiff HURLEY is permanently disabled and confined to a wheelchair. He suffers from a relatively rare genetic developmental congenital disorder that he contracted at birth – spina bifida cystica with myelomeningocele – causing him severe and debilitating paralysis. There is currently no known, affordable cure available.

8.  Plaintiff HURLEY resides in Manhattan, New York along with most of his family, all of whom able able-bodied individuals and provide him with assistance. His siblings live in upper Manhattan and his grandmother lives in Brooklyn.

9.  Plaintiff HURLEY is the only member of his immediate family to have contracted spina bifida.

10. As a young twenty-six (26) year old single man, Plaintiff HURLEY often goes out with his friends to socialize and meet new and interesting people.

11. He commutes principally using the MTA/New York City Transit Bus System although he travels to many places locally using only his wheelchair.

12. When Plaintiff HURLEY was visiting TOBY'S PUBLIC HOUSE he encountered architectural barriers at the Property precluding his from reasonably accessing the goods and services provided to non-disabled individuals. These barriers to access at the Property have deterred Plaintiff

from availing himself of, and are denying his the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at TOBY'S PUBLIC HOUSE equal to those afforded to other individuals.

### III. ADA Prohibits Barriers Impeding Access By Disabled Individuals

13. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

14. The ADA and the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that operators of "commercial establishments" are responsible complying with these federal Accessibility Standards.

15. Defendant has and is continuing to violate the Accessibility Standards – discriminating against Plaintiff and other similarly situated disabled individuals – by failing to provide accessible facilities since January 26, 1992 (or, alternatively, January 26, 2993).

16. As a result of Defendant being in ongoing non-compliance with the ADA, Plaintiff HURLEY is being deprived of the meaningful choice of freely

visiting the same accommodations readily available to the general public. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

## IV. TOBY'S PUBLIC HOUSE

17. The present violations at Defendant's facility threaten Plaintiff's safety as they create hazards impeding access.

18. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

19. A preliminary inspection of TOBY'S PUBLIC HOUSE reveals the following exterior and interior barriers to access by Plaintiff as an individual who is confined to a wheelchair:

   a. Required ramp not provided for step leading to entrance door making entrance inaccessible;
   b. Required ramp not provided for rise in elevation at entrance door threshold;
   c. Required minimum maneuvering clearance not provided at entrance door in violation of Accessibility Standards;
   d. Required minimum knee and toe clearance not provided at bar making it inaccessible;
   e. Non-compliant height of bar exceeding maximum height allowance;
   f. Required accessible portion of bar not provided in violation of Accessibility Standards;

5

g. Required minimum knee and toe clearance not provided at dining tables;

h. Inaccessible path of travel to restroom making restroom inaccessible;

i. Required minimum clear width not provided at swinging double doors at corridor leading to restroom;

j. Inaccessible lavatory located outside restroom;

k. Required minimum clear floor space not provided at lavatory;

l. Non-compliant faucet knobs at lavatory in violation of Accessibility Designation Standards require twisting of wrist;

m. Required insulation of water pipes under lavatory not provided in violation of Accessibility Standards;

n. Non-compliant height of mirror exceeds maximum height allowance;

o. Required minimum clear width not provided at restroom door opening making restroom inaccessible;

p. Required minimum maneuvering clearance not provided at restroom door;

q. Non-compliant door knob at restroom door in violation of Accessibility Designation Standards requires twisting of wrist;

r. Restroom door swings into the floor space of water closet making water closet inaccessible;

s. Required minimum turning space not provided in restroom in violation of Accessibility Standards;

t. Required minimum clear floor space not provided at water closet;

u. Toilet paper dispenser improperly positioned by water closet in violation of Accessibility Standards;

v. Failure to maintain accessible features and failing to advise to policies, practices and procedures to ensure that the goods and services being

6

offered, as well as the facilities themselves, are accessible to people with disabilities.

20. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendant's place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

21. Plaintiff plans on returning to TOBY'S PUBLIC HOUSE to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

22. As the violations at Defendant's facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## COUNT I: DECLARATORY JUDGMENT

23. When Plaintiff HURLEY visited TOBY'S PUBLIC HOUSE he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42

USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 19.

24. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

25. Defendant denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

26. As a result of Defendant being in continuous violation of Title III of the ADA Plaintiff HURLEY has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

27. A declaration that Defendant was in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants compliance with the law.

28. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is

entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendant (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendant has effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## COUNT II: INJUNCTIVE RELIEF AGAINST TOBY'S PUBLIC HOUSE

29. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 22 above as if set forth specifically herein.

30. TOBY'S PUBLIC HOUSE is being operated as a place of public accommodation in violation of ADA.

31. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 19 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

32. Defendant continues to discriminate against Plaintiff and those similarly situated by operating TOBY'S PUBLIC HOUSE and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

33. Modifications in Defendant TOBY'S PUBLIC HOUSE's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

34. Said modification are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

35. Plaintiff is suffering true and actual harm by Defendant TOBY'S PUBLIC HOUSE operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

36. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

37. Plaintiff is without any adequate remedy and law.

38. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

39. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant;

    b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on June 23, 2015.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
2076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009